By the Court.
This is a proceeding in mandamus instituted in this court. The relator bases his action upon a judgment, which he alleges was awarded to him in the court of common pleas of Cuyahoga county, in the sum of $6,990. He further *270 alleges that the respondent has paid the sum of $3,750, leaving a balance due of $3,240.
The journal entry wherein judgment was awarded is made a part of the amended petition, and the pertinent parts thereof are as follows:
“It appearing to the court that James H. Deal, the plaintiff, was in the employ of the McLaren Iron Works Company on the 26th day of July, 1921, that he received an injury on that day, and that injury was received by him in the course of and growing out of his employment with The McLaren Iron Works Company. It further appearing to the court, that James H. Deal, the plaintiff, is entitled to recover temporary total disability for a period of two years in the sum of Fifteen Dollars' ($15.00) a week, and it further appearing to the court that James H. Deal, the plaintiff, is entitled to recover permanent partial disability in the amount of Fifteen Dollars ($15.00) a week,
“Now, therefore, it is ordered, adjudged and decreed, by this court, that the plaintiff, James H. Deal, recover from the defendant the Industrial Commission of Ohio, the sum of Fifteen Dollars ($15.00) per week from the second day of August, 1921, up to the present time, and it is further ordered, adjudged and decreed, that the plaintiff, James H. Deal, shall recover from the defendant, the Industrial Commission of Ohio, the sum of Fifteen Dollars ($15.00) per week each and every week until he has received a maximum of Thirty-seven Hundred and Fifty Dollars ($3,750.00) payable according to law, and judgment is therefore entered for the plaintiff, James H. Deal, against the defendant, the *271 Industrial Commission of Ohio, in the above stated amounts.”
It is further averred that no proceeding in error was instituted to vacate or modify said judgment. The relator seeks an order of this court requiring that the Industrial Commission issue its voucher to the relator for the payment of the arrears, and to issue its weekly voucher thereafter for the installments, as they mature,, until the full amount claimed shall have been paid.
The answer of the Industrial Commission admits the rendition of the judgment as set forth in the entry attached to the amended petition, that no error proceeding was instituted, and that $3,750 has been paid, and denies the other averments of the amended petition. As a second defense the Industrial Commission alleges that ever since the date of the trial, and ever since the Industrial Commission has suspended payments in this claim, relator has not sustained any impairment of his earning capacity; that when he sustained his injury he had an earning capacity of $46 per week, and since the said payments were suspended the relator has been receiving a wage of $38 to $48 per week. It is further alleged that some time during said period the relator sustained another injury in the course of his employment, for which he received compensation under the Workmen’s Compensation Law (Sections 1465-37 to 1465-108, General Code), and the disability, if any, from which the relator is suffering at this time, and since sustaining the second injury, is due to that injury.
The case was submitted to the court upon the demurrer of the relator to the second defense of the *272 answer. This demurrer, of course, searches the record, and thereby the sufficiency of the facts set up in the amended petition to constitute a cause of action and show a right to the relief prayed for is challenged. This calls for an examination of the entry of the court wherein the judgment involved in this action was rendered. It is to be observed that the court found that the period during which the relator was entitled to temporary total compensation was two years, at the rate of $15 per week, and the court then found that relator was entitled to recover for permanent partial disability, meaning of course impairment of earnings, at the rate of $15 per week. However, when the court came to render judgment there was no separation of the amounts and no distinction made between the two kinds of disability. The order of the court, and that is the judgment which the relator seeks to enforce, is that the Industrial Commission pay the relator $15 per week from August 2, 1921, “up to the present time” (September 19, 1925), and further adjudged that he recover the same amount per week “until he had received the maximum of $3,750.00.” It is conceded that that amount has been fully paid by the Industrial Commission; hence, there could be no warrant for the issuance of a writ of mandamus requiring any further payment.

Writ denied.

Marshall, C. J., Kinkade, Robinson, Jones, Matthias, Day and Allen, JJ., concur.